## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Sheila Hill,<br><br>*Debtor.* | Case No. 25-11241-djb<br>Chapter 13 |
| Sheila Hill,<br><br>*Plaintiff,*<br><br>v.<br><br>Kelly Loeffler, *in her official capacity as Administrator of the U.S. Small Business Administration*,<br><br>*Defendant.* | Adversary No. |

**Complaint for Turnover of Estate Property and Violation of the Automatic Stay**

Plaintiff Sheila Hill, through her attorney, files this Complaint against Kelly Loeffler, in her official capacity as Administrator of the U.S. Small Business Administration (the "Defendant"), and alleges as follows:

**Jurisdiction**

1. This Court has subject matter jurisdiction under 28 U.S.C. § 1334(b) because this complaint is related to *In re Hill*, a case filed in this Court on March 31, 2025, under chapter 13 of title 11, United States Code, and docketed as case number 25-11241-djb.

2. This is a core proceeding under 28 U.S.C. § 157(b)(2)(E) (orders to turn over property of the estate).

3. Venue is proper in this district under 28 U.S.C. § 1409(a).

4. The Plaintiff consents to the entry of a final order by this Court.

**Parties**

5.  The Plaintiff is an individual and a debtor in the above bankruptcy case.

6.  The Defendant is the Administrator of the U.S. Small Business Administration, a federal agency. She is sued solely in her official capacity.

**Facts**

7.  The Plaintiff is indebted to the U.S. Small Business Administration on account of a prepetition loan obligation.

8.  Prior to the bankruptcy, the Plaintiff received a notice of the Defendant's intent to initiate an administrative wage garnishment. A true and correct copy of that notice is attached as Exhibit A.

9.  On April 10, 2025, the Defendant received electronic notice of the Plaintiff's bankruptcy via the Bankruptcy Noticing Center. A true and correct copy of the certificate of service evidencing that notice is attached as Exhibit B.

10.  On or about April 11, 2025, the Defendant caused a wage garnishment to begin against the Plaintiff.

11.  The Defendant caused the Plaintiff's wages to be garnished on or about April 11, 2025, April 18, 2025, April 25, 2025, May 2, 2025, and May 9, 2025.

12.  As May 15, 2025, the Defendant has caused a total of $842.90 to be garnished from the Plaintiff's wages.

13.  The Plaintiff's paystubs reflect the garnishment deductions. True and correct copies of those paystubs are attached as Exhibit C.

14. All wages garnished by the Defendant are property of the estate under 11 U.S.C. § 541, and the Plaintiff has claimed those wages as exempt property on her bankruptcy schedules.

15. At various times since the garnishment began, the Plaintiff has attempted to contact the Defendant to request that the garnishment be stopped in light of the bankruptcy. Despite these efforts, the Plaintiff has not received any response or acknowledgment from the Defendant.

16. As May 15, 2025, the Defendant has failed to return the garnished funds to the Plaintiff.

17. As May 15, 2025, the Defendant has failed to cease garnishment activity.

## Count I
## Turnover of Estate Property

18. The Plaintiff reasserts and incorporates paragraphs 1 through 17 above as if fully set forth here.

19. The garnished wages are property of the estate and exempt property under applicable law.

20. The Defendant is in possession, custody, or control of this property and is required to deliver it to the Plaintiff under 11 U.S.C. § 542.

21. The Plaintiff is entitled to immediate turnover of the $842.90 in postpetition garnished wages.

## Count II
## Violation of the Automatic Stay

22. The Plaintiff reasserts and incorporates paragraphs 1 through 21 above as if fully set forth here.

23. The Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

24. The automatic stay under 11 U.S.C. § 362(a) prohibits acts to collect on prepetition debts.

25. The Defendant's initiation and continuation of garnishment activity after March 31, 2025, constitutes a willful violation of the automatic stay.

26. As a result, the Plaintiff has incurred attorney's fees and costs to enforce her rights.

27. Under 11 U.S.C. § 362(k), the Plaintiff is entitled to recover reasonable attorney's fees and costs incurred in enforcing the stay.

### Request for Relief

**NOW, THEREFORE**, the Plaintiff respectfully requests that this Court enter judgment in her favor and against the Defendant and:

A. order the Defendant to immediately cease all wage garnishment activity;

B. order the Defendant to turn over all wages garnished from the Plaintiff after March 31, 2025;

C. award the Plaintiff reasonable attorney's fees and costs incurred in enforcing the automatic stay;

D. grant such other and further relief in the Plaintiff's favor as the Court deems necessary and proper under the law.

Date: May 15, 2025                    **SADEK LAW OFFICES, LLC**

By: /s/ Michael I. Assad
    Michael I. Assad
    1500 JFK Boulevard, Suite 220
    Philadelphia, PA 19102
    215-545-0008
    michael@sadeklaw.com

*Attorney for Plaintiff*